Commonwealth v. Basham.

CASE 26—INDICTMENT—APRIL 17.

# Commonwealth v. Basham.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. REPEAL OF STATUTE BY IMPLICATION—DENTISTRY—LICENSE TO PRACTICE.—The acts of April 8, 1878, and of May 10, 1886, regulating the practice of dentistry in this State, were not repealed by the provisions of the act of May 1, 1893, further regulating such practice. The three acts are to be taken as parts of the whole, and as forming and constituting a homogeneous body of laws upon that subject.

J. H. EATON FOR APPELLANT.

1. The Dental Statutes are to be construed liberally.    Black on Interp., sec. 113.
2. If the act of 1893 repeals, in any way, the former dental acts, the repeal is one by implication.  Ky. Stat., sec. 459.
3. Repeals by implication are not to be favored, and will never be allowed except upon the ground of irreconcilable repugnancy. Black on Interp., sec. 53; Courtney v. Louisville, 12 Bush, p. 424; Mayor, etc., of Cumberland v. Magruder, 34 Md., 381; Beatty v. Com., 91 Ky., 313; sec. 6 Dental Act, May 1, 1893.
4. Answer to objection that an implied repeal takes place wherever

the later statute clearly intends to prescribe the only rule
which is to be accepted as governing the case provided for.
U. S. v. Tynen, 11 Wall, p. 92; Sedg. on St. and Const. Law, p.
124; Endlich on Interp., sec. 241; Black on Interp., sec. 53;
Coghill v. State, 37 Ind., 111; Broaddus v. Broaddus, 10 Bush,
299; Black on Interp., sec. 74.

5. It is presumed that the legislature does not intend to make
unnecessary changes in the pre-existing body of the law. Black
on Interp., sec. 52; Black on Interp., sec. 32.

6. The presumption is against an absurdity. End. on Interp., sec.
267.

7. Statutes *in pari materia* must be construed together. Black on
Interp., sec. 86; End. on Interp., sec. 43; Adams v. Ashby, 2
Bibb, p. 97.

8. The presumption is against ineffectiveness. Black on Interp., sec.
49; Preamble of Dental Act of February 18, 1870.

W. S. TAYLOR OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee was indicted for practicing dentistry with-
out securing a certificate of qualification from the board of
examiners of the Kentucky Dental Association, as required
by the law of May 10, 1886.

A demurrer was sustained to the indictment, and the
Commonwealth has appealed.

The present statute on the subject—May 1, 1893, Kentucky
Statutes, section 459—requires only one class of persons
to obtain this certificate, viz., those who desire to begin the
practice of dentistry after the adoption of the law, and, as
it is not alleged that the accused belonged to this class, the
pleading is not good as to him if this statute, by repealing
former statutes, is now the whole law on the subject.

That the present statute does not repeal the former stat-
ute and render legal that which was illegal before its adop-
tion, is, we think, quite clear.

Commonwealth v. Basham.

The first act was that of April 8, 1878. It applied only to persons who should commence the practice of dentistry after that date, and required them either to have received a diploma from some duly incorporated dental college or to have received a certificate of qualification from the Kentucky State Dental Association. So far as this act goes, the accused is not yet affected, as he may not have commenced the practice after April 8, 1878, and might, therefore, practice without a certificate, or he may have commenced after that date and have obtained the required diploma.

The next act is that of May 10, 1886, and applies to all persons legally engaged in the practice of dentistry at that date. Such persons were those who were practicing before April 8, 1878, and of whom nothing had been required, and those who commenced the practice after that date, and had received either a certificate or a diploma. And this act required every dentist in the State "to cause his name and residence, or place of business to be registered with said board of examiners, upon which said board should (shall) issue a certificate, duly signed by a majority of the members of said board, and which certificate should (shall) entitle the person to whom it was (is) issued to all the rights and privileges set forth in section 1 of the act" of April, 1878, which was the right to practice dentistry. This act requires the possession of a certificate of qualification from the board of examiners as a condition of legally engaging in the practice of dentistry in Kentucky. A man legally engaged in such practice on May 10, 1886, could not continue to do so legally without getting such a certificate; and one

illegally so engaged remained thus engaged unless he se-
cured the required certificate. No man, therefore, could
legally practice without such a certificate from the Dental
Association.

This law further provided that those commencing the
practice after its adoption should either by reason of hav-
ing a diploma or of standing an examination before the
board, obtain a certificate of qualification from the board;
therefore, dentists who were engaged in the practice on April
8, 1878, and before, those who commenced the practice be-
tween that date and May 10, 1886, and those who commenc-
ed between the latter date and May 1, 1893, were required
to have issued to them by the board of examiners a certifi-
cate entitling them to practice dentistry in this State. And
under the last act those who commenced the practice there-
after were also required to obtain such a certificate. A
man, therefore, who, on May 14, 1896, the date of the in-
dictment, was engaged in the practice of dentistry in this
State, without having received a certificate of qualification
from the board of examiners of the Kentucky State Dental
Association, is guilty of a misdemeanor.

The law of 1893 takes nothing away from the statute of
1886, but provides expressly that "nothing herein contained
shall be construed to require any person who now holds a
certificate from the Kentucky State Dental Association to
pass an additional examination or obtain a new certificate,"
thus implying clearly that he must have that certificate as
provided by the law of 1886, and under which the appellee
was indicted.

As aptly said by counsel "the act of 1893 lays upon those

Commonwealth v. Basham.

already holding certificates the burden of registering them in the county clerk's office, under pain of practicing dentistry illegally, and of being liable to a fine of from $50 to $200 for each act of practice. If the act of 1893 repeals as to those who began practice before its passage the obligation to secure certificates of qualification, then it relieves them of all duty in the premises whatever, and they can, as the result of their prior violation of law, freely continue in practice, with no sort of obligation upon them. Obedience to the law would thus be punished by added restraints; violation of law would be rewarded by unrestrained freedom."

Manifestly the law makers intended no such results, but rather intended the three dental acts to be taken as parts of the whole and form a consistent and homogeneous body of laws. The passage of the act of 1893, and of all the acts on the subject involved, was intended to elevate the standard of professional skill in the department of dentistry, and not to lower it by taking away the barriers erected against quacks by pre-existing laws.

The judgment below sustaining the demurrer is reversed and the cause remanded for proceedings consistent with this opinion.