CASE 99—PROSECUTION AGAINST R. H. WILSON, FOR VIOLATING THE
DENTAL LAW.—OCT. 13, 1904.

# Wilson v. Commonwealth.

| 119 | 769 |
| f120 | 727 |

APPEAL FROM HARDIN CIRCUIT COURT—WEED S. CHELF, CIRCUIT
JUDGE.

DEFENDANT CONVICTED ON THREE INDICTMENTS AND APPEALS. ONE
AFFIRMED AND TWO REVERSED.

DENTISTS—REGISTRATION— STATUTES —·CONSTITUTIONALITY— FORMER
CONVICTION—BAR.

1. Act of May 10, 1886 (2 Acts 1885-86, p. 523, c. 1017), amending
   Act April 8, 1878 (1 Acts 1877-78, p. 97, c. 847), regulating the
   practice of dentistry, and requiring every person then legally
   engaged in the practice within six months to cause his name, res-
   idence, or place of business to be registered with the board of ex-
   aminers, and obtain from them a certificate, and punishing
   every person who should practice in violation of the act, is con-
   stitutional.

2. Act May 10, 1886, section 4 (2 Acts 1885-86, p. 524, c. 1017), reg-
   ulating the practice of dentistry, provides that any person who
   shall, in violation of the act, practice dentistry in the State for
   fee or reward, shall be subject to indictment, and on conviction
   shall be fined for each offense. HELD, that the offense denounced
   by the statute was of such a continuous nature as to subject
   the violator to but one conviction for the whole period of time
   next before the institution of the prosecution, and hence a con-
   viction under one indictment was a bar to proceedings under
   other similar indictments for previous acts, though each in it-
   self constituted the practice of dentistry.

O'MEARA & JAMES, ATTORNEYS FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. The provisions of the acts regulating dentistry in this
State place an arbitrary requirement and restriction on den-
tists who engaged in the practice prior to the passage of said
acts. That said acts in so far as the same apply to such den-
tists deprive them of liberty and property without due process of

law and deny them the equal protection of the law and are void. State v. Goodwill, 33 W. Va. 25 Am. St. Rep., 863, and the notes thereto and cases cited; People v. Gillson, 109 N. Y., 398; Butcher's Union Co. v. City, 111 U. S., 775; State v. Peel, &c., Co., 36 W. Va.,856; Williams v. Fears, 21 Sup. Ct. Rep., 129; Slaughter House Cases, 16 Wall., 87; Lawton v. Steele, 152 U. S., 153; Soon Hing v. Crowley, 113 U. S., 703; Yick Wo v. Hopkins, 118 U. S., 356; State v. Hinman, 65 N. H., 103; State v. Pennoyer, 65 N. H., 113.

2. But should it be held that the dental statutes, in so far as the same apply to persons legally engaged in the profession prior to the passage of the acts, are not unconstitutional, yet the offense for which the appellant was indicted was of a continuous nature, he was indicted three times for the same offense, and his pleas of former conviction should have been sustained. Apothecaries Co. v. Jones, 1 Law Rep. (Eng.), 19; Crepps v. Durden (Eng.), Cowp. 640; In re Snow, 120 U. S., 274; Freidenborn v. Com., 113 Pa. St., 242 (57 Am. Rep., 464); vol. 13 (2nd ed.), Am. & Eng. Enc. of Law, 63; Cawein v. Com. (Ky.), 61 Southwestern Rep., 275 (22 L. R., 1734).

3. If each act is a separate offense the Legislature did not provide a penalty for "each and every offense" and but one penalty can be imposed. Parks v. R. R. Co. (Tenn.), 13 Lea, 1 (49 Am. Rep., 655); Sturgis v. Spofford, 45 N. Y., 446; Fisher v. R. R. Co., 46 N. Y., 644; Fritsche v. R. R. Co., 47 N. Y., 660; Mix v. R. R. Co., 47 N. Y., 678; Micks v. R. R. Co., 49 N. Y., 654; Foote v. R. R. Co., 50 N. Y., 693; Baker v. R. R. Co., 61 N. Y., 655; Watson v. R. R. Co., 54 N. Y., 201.

N. B. HAYS, ATTORNEY GENERAL AND LORAINE MIX, FOR APPELLEE.

1. We submit that the law of this State requires that one desiring to practice the profession of dentistry in this State should do more than *merely* pay five dollars to the Kentucky Dental Association for his certificate; he must show that he has the qualifications prescribed by law.

The right of practising a profession is a privilege which may be granted or withheld by the General Assembly, through the police power of the State, whereby it may fix the qualifications, and place reasonable restraints and burdens upon those engaged in such professions.

3. Section 2642, Kentucky Statutes, fixing the penalty for a violation of the act in question provides, that any person failing to comply with, or who shall in violation of any of the provisions of this law, practice dentistry or dental surgery in this State for fee or reward, *shall for each offense*, be guilty of a

misdemeanor, and fined not less than fifty nor more than two hundred dollars *for each offense.*

4. That the Legislature intended to prescribe a penalty for each separate act of practice, is, we think, plain from the words used.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING IN PART.

The law under which these prosecutions were had is an act entitled "An act to amend the charter of the Kentucky State Dental Association," approved May 10, 1886 (2 Acts 1885-86, pp. 523, 524, c. 1017), which, so far as pertinent, is as follows:

"Section 1. The board of examiners of the Kentucky State Dental Association shall keep a record, in which shall be registered the names and residence or place of business of all persons authorized under this act to practice dentistry or dental surgery in this State.

"Sec. 2. Every person now legally engaged in the practice of dentistry or dental surgery in this State at the time of the passage of this act, shall, within six months thereafter, cause his name and residence or place of business to be registered with said board of examiners, upon which said board shall issue a certificate to such person, duly signed by a majority of the members of said board, and which certificate shall entitle the person to whom it is issued to all the rights and privileges set forth in section 1 of an act approved April 8, 1878, to amend an act, entitled 'An act to incorporate the Kentucky State Dental Association.'"

"Sec. 4. Any person who shall, in violation of this act, practice dentistry or dental surgery in the State of Kentucky, for fee or reward, shall be subject to indictment by the grand jury of the county in which the offense is committed; and, upon conviction, shall be fined in a sum of

not less than fifty dollars nor more than two hundred dollars for each offense."

Three indictments were returned against appellant by the grand jury of Hardin county, Ky., for violation of this act by practicing dentistry without a certificate. Each covers the same period of time, being one year prior to the 19th day of November, 1903. They are precisely alike in every respect, except that in each one the name of a different patient appears upon whom the practicing was done. That containing the name of Sam Bell as the patient operated on was tried first, under a plea of not guilty, with an agreed statement of facts. The trial resulted in the appellant being found guilty, and his fine fixed at $60. Afterwards those containing the names of Virgie Greenwell and Elie Lewis were tried under the plea of not guilty and also the plea of former conviction, with the same agreement of facts as in the first case. These trials resulted in the appellant's conviction, and a fine of $51 in each case. From these judgments the appellant has appealed to this court.

Two propositions are insisted upon for reversal: First, that the act creating the Kentucky Dental Association, as amended by the acts of April 8, 1878 (1 Acts 1877-78, p. 97, c. 847), May 10, 1886 (2 Acts 1885-86, p. 523, c. 1017), and May 1, 1893 (Acts 1891-93, p. 840, c. 189), in so far as it required the appellant, who had been practicing dentistry in Kentucky since 1864, to register, is unconstitutional; second, if this be not sound, then the judgment of conviction under the first indictment is a bar to the prosecution of the other two. The case of Commonwealth v. Basham, 101 Ky., 170, 19 R., 336, 40 S. W., 253, in principle involves the very case we have here on the first proposition. There Basham had practiced dentistry prior to 1878, but, failing to register under the provisions of the amendment of 1886,

was indicted.  A general demurrer to the indictment was sustained by the circuit court, and it was dismissed.  This judgment was reversed on appeal, the court holding that the act of 1878 and the amendments of 1886 and 1893 constituted one law regulating the practice of dentistry in Kentucky, and that, although the defendant had begun the practice of his profession prior to 1878, his failure to register was a violation of the amendment of 1886, which required every person practicing dentistry at the date of its enactment to register.  While the opinion does not discuss the constitutionality of the act, that was, necessarily, upheld in order to reverse the case.  The constitutionality, however, of a similar act was expressly decided in the case of the Kentucky Board of Pharmacy, etc., v. Cassidy, 74 S. W., 730, 25 Ky. Law Rep., 102, and the authorities bearing upon the question are therein reviewed at length.  These cases are conclusive of the first judgment against appellant, as that involves only the question of the constitutionality of the act under which it was rendered.

The pleas of former conviction to the second and third indictments present valid defenses.  As said before, they cover the same period of time as that occupied by the first. The statute provides that upon conviction for a violation of the act "the defendant shall be fined in the sum of not less than fifty dollars nor more than two hundred dollars for each offense."  2 Acts 1885-86, p. 524, c. 1017, § 4.  The question presented is whether or not the offense denounced by the statute is of such continuous nature as to subject the violator to only one conviction for the whole period of time next before the institution of the prosecution, or is it of such a character as that each act of practice constitutes a separate offense?  It is apparent, upon very slight consideration, that if each time an unregistered dentist pulls a

tooth he is subject to a fine of from $50 to $200, in a short while these would aggregate so large a sum as to make payment impossible, and, as a result, the defendant might lie in jail a large part of his life. Such a conclusion is not to be reached, unless constrained by the very letter of the statute. We are not without high authority, as well as sound reason, against the cumulative construction. In the case of the Apothecaries Co. v. Jones, 1 Q. B. 89, there was involved an act similar in principle to the one under consideration. The Apothecaries act of 1815 (55 Geo. III, c. 194, § 20) provided that "any person who shall 'act or practice as an apothecary' without a certificate is liable to a penalty 'for every such offense.'" The defendant had practiced as an apothecary without a certificate, and given medical advice and supplied medicine to three different persons at different times on the same day, and it was held that the words "act or practice as an apothecary" were directed against an habitual or continuous course of conduct, and that the defendant was not guilty of a separate offense in attending each of the three persons, and was only liable to one penalty. In the opinion the leading case of Crepps v. Durden was relied on. In the latter case the plaintiff had been convicted in four separate cases for unlawfully exercising his business of a baker by selling rolls on Sunday, contrary to the statute of 29 Car. II, c. 7, the words of that statute being "that no tradesman or other person shall do or exercise any worldly labour, business, or work of their ordinary calling on the Lord's Day," and Lord Mansfield is quoted as saying: "The offense is exercising his ordinary trade upon the Lord's Day; and that without any fractions of a day hours, or minutes. It is but one entire offense, whether longer or shorter in point of duration; so whether it consists of one or a number of

particular acts, the penalty incurred by this offense is five
shillings.   There is no idea conveyed by the act itself that
if a tailor sews on the Lord's Day every stitch he takes is
a separate offense, or if a shoemaker or carpenter work for
different customers at different times on the same Sunday
that those are so many separate and distinct offenses.
There can be but one entire offense on one and the same
day."   In the case of In re Snow, 120 U. S., 274, 7 Sup. Ct.,
556, 30 L. Ed., 658, there was involved the construction of
an act of Congress directed against Mormonism.   So much
as illustrates the matter in hand is as follows: "Sec. 3.
That if any male person, in a territory or other place over
which the United States have exclusive jurisdiction, here-
after cohabits with more than one woman, he shall be
deemed guilty of a misdemeanor, and on conviction there-
of shall be punished by a fine of not more than three hun-
dred dollars, or by imprisonment for not more than six
months, or by both said punishments, in the discretion of
the court."   Act March 22, 1882, c. 47, 22 Stat. 31 [U. S.
Comp. St. 1901, p. 3634].   Snow was indicted by the grand
jury of the United States for the November term, 1885, in
the District Court of the first judicial district in and for
the territory of Utah, for four violations of this statute,
and was convicted under each.   In an opinion reversing
these judgments the supreme court said: "There was but
a single offense committed prior to the time the indictments
were found.   This appears on the face of the judgment.   It
refers to the indictments as found 'for the crime of unlawful
cohabitation committed' 'during the time' stated, divid-
ed into three periods, according to each indictment.   For
so much of the offense as covered each of these periods the
defendant is, according to the judgment, to be imprisoned for
six months, and to pay a fine of $300.   The division of the

two years and eleven months is wholly arbitrary. On the same principle there might have been an indictment covering each of the thirty-five months, with imprisonment for seventeen years and a half, and fines amounting to $10,500, or even an indictment covering every week, with imprisonment for seventy-four years, and fines amounting to $44,-400, and so on, ad infinitum, for smaller periods of time. It is to prevent such an application of penal laws that the rule has obtained that a continuing offense of the character of the one in this case can be committed but once, for the purpose of indictment or prosecution, prior to the time the prosecution is instituted.' To the same effect are the following: Cawein v. Commonwealth, 61 S. W., 275, 22 Ky. Law Rep., 1734; Parks v. Nashville, C. & St. L. R. R. (Tenn.) 49 Am. Rep., 655; Friedeborn v Commonwealth (Pa.) 6 Alt., 160, 57 Am. Rep., 464; and Am. & Eng. Encycl. of Law (2d Ed.) vol. 13, p. 63, title "Rule as to Offenses of Continuing Nature," and cases there cited.

In the first case—being that in which Sam Bell is alleged to have been the patient operated on—the judgment must be affirmed; in the other two cases the judgments are reversed.