## Commonwealth v. Craig.

(Decided June 14, 1911.)

### Appeal from Hardin Circuit Court.

1. Indictment—Dentists—An indictment charging one with unlawfully and wilfully practicing dentistry without having a certificate of qualification registered in the county of his residence as required by the Act of 1893, or in the county in which he practiced dentistry as required by the Act of 1904, is insufficient, if it fails to state that said dentist had obtained his certficate subsequent to the passage of either of said Acts.

JAMES BREATHITT, Atty. Genl., CHARLES H. MORRIS, Asst. Atty. Genl., and J. R. LAYMAN for appellant.

G. K. HOLBERT for appellee.

Opinion of the Court by Judge Miller—Affirming.

The grand jury of Hardin county returned an indictment against the appellee charging him with the offense of unlawfully and willfully practicing dentistry without having a certificate from the Board of Examiners of the Kentucky State Dental Association registered in the county in which he resided and practiced, and without having a certificate of qualification issued by the State Board of Dental Examiners registered in the county of his residence, and in which he engaged in the practice of dentistry. The acts constituting the practicing of dentistry were specifically set forth in the indictment. From a judgment sustaining a demurrer to the indictment and dismissing the prosecution, the Commonwealth prosecutes this appeal.

This indictment is found under the act of 1904, which passed into the Kentucky Statutes of 1909, as section 2641, and reads in part as follows:

"Any person hereafter desiring to commence the practice of dentistry or dental surgery in this Commonwealth shall, before he commences to practice, undergo a satisfactory examination before the Kentucky State Board of Dental Examiners. The said Board shall register the name and addresses of any and all persons passing a satisfactory examination, in a book kept for that purpose, and shall issue to such persons a certificate of registration signed by the members of the board, of a majority thereof, and bearing the seal thereof, which certificate, when registered as hereinafter provided, shall entitle the person to whom it is granted the right and privilege to practice dentistry or dental surgery in this State. All persons hereafter receiving such certificate of qualification to practice dentistry or dental surgery in this State shall have same recorded in the office of the clerk of the county or counties in which he shall practice, and it shall be the duty of such clerk, upon presentation of said certificate and a fee of fifty cents, to register same in a book kept in the office for the registration of physicians."

The appellee rested his defense upon the ground that the act of 1904 (section 2641, supra) applies only to persons who have begun to practice dentistry since 1904, and that the indictment is insufficient because it does not show that appellee commenced practicing dentistry after 1904.

The law upon this subject is found in four acts of the legislature passed respectively in 1878 (1 Acts 1878, page 97), 1886 (2 Acts 1885-1886, page 523), 1893 (Acts 1891-1893, page 840), and 1904 (Acts 1904, page 92), which are to be read together as parts of a consistent and homogeneous body of laws. Commonwealth v. Basham, 101 Ky., 174; Commonwealth v. Nevill, 29 Ky. Law Rep., 108.

The act of 1878, which made it unlawful for a person to practice dentistry without a diploma or certificate of qualification, did not apply to persons engaged in the practice of dentistry at the time of its passage. The act of 1886 went a step further and required every person legally engaged in the practice of dentistry in this State at the time of the passage of the act, within six months thereafter, to cause his name and residence, or place of business, to be registered with the Board of Examiners, upon which said Board was directed to issue to him a certificate which entitled the person to whom it was issued to all the rights and privileges set forth in the Act of 1878. The Act of 1893 substantially continued in force the provisions of the Act of 1886 as to persons thereafter commencing the practice of dentistry, but changed the place of registration by requiring them to register their certificates of qualification in the county in which they resided. Said act was also confined in its operation to persons thereafter receiving certificates to practice dentistry. The constitutionality of these three acts, in so far as they required a dentist, who had been practicing in Kentucky prior to 1878, to register, was upheld in Commonwealth v. Basham, 101 Ky., 170, and in Wilson v. Commonwealth, 119 Ky., 772. Likewise, the act of 1904 is, by its terms, prospective only in its operation, and applies to persons thereafter commencing the practice of dentistry. It again changed the place of registration by requiring that such persons should record their certificates of qualification in the county in which the practiced dentistry.

It will be seen from this brief review, that the acts of 1893 and 1904 are prospective in their operation, and do not apply to persons who were practicing dentistry prior to those dates.

In Commonwealth v. Nevill, supra, the appellee was indicted under the Act of 1904 (sec. 2641) for practicing dentistry when he had not recorded his certificate of

qualification in the county wherein he practiced. In delivering the opinion in that case, Chief Justice Hobson said:

"The Act, by its terms, only applied to persons receiving certificates after its enactment. It does not make it incumbent upon a dentist who had before received his certificate and had it registered in the county clerk's office of his residence, to again have it registered in the county or counties in which he shall practice. It was evidently intended to exempt those who had complied with the old law from having their certificates registered under the new. It is not charged in the indictment that appellee received his certificate after the Act of 1904 was passed, and therefore the provisions of that Act are not shown to be applicable to him. It only applies to persons thereafter receiving such certificates."

In the case at bar the indictment does not show when the appellee received his certificate of qualification. He is not charged with practicing dentistry without a certificate; he is indicted for not having his certificate registered, either in the county of his residence, or where he practices. Under the authority of the Nevill case, in order to convict appellee under the Act of 1893 for failing to register his certificate of qualification in the county of his residence, the indictment should have charged that he had received a certificate after the Act of 1893 was passed; and to convict him under the Act of 1904 for practicing dentistry without having recorded his certificate in the county wherein he practiced, the indictment should have charged that he had received his certificate after the Act of 1904 was passed. As the indictment makes neither of these charges, we are of opinion that the circuit judge properly sustained the demurrer thereto.

Judgment affirmed.