**COMMONWEALTH of Kentucky, Appellant,**

v.

**COLONIAL STORES, INCORPORATED, etc., Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1961.

Rehearing Denied Nov. 22, 1961.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellant.

Odis W. Bertelsman, Newport, for appellee.

CULLEN, Commissioner.

The question upon which the Commonwealth seeks a certification of the law is whether the offering for sale at one time, by a retail food market, of 416 separately wrapped packages of meat, each package weighing less than the weight stamped thereon, constituted one offense or 416 offenses under KRS 363.280(4), which prescribes:

> "No person shall sell, or offer or expose for sale less than the quantity he represents of any commodity, thing or service."

The penalty prescribed by KRS 363.990(10) at the time of the offense (or offenses)·

here involved was a fine of not less than $25 nor more than $100, or imprisonment in the county jail for not less than 10 days nor more than 60 days, or both.

On July 23, 1958, agents of the Kentucky Department of Agriculture, Division of Weights and Measures, made an inspection of the meat counters and display cases in a food market. They found 416 separately wrapped packages of meat weighing less than their marked weight. The agents caused 416 separate indictments to be returned against the owner of the market. A trial was held on one of the indictments, resulting in a verdict of guilt and a fine of $40. Thereafter the Commonwealth sought a trial on the other indictments but the circuit court sustained a plea of former jeopardy and dismissed the indictments. The Commonwealth has asked this Court for a certification of the law.

If the offering of each package may be considered to be a separate offense there would be no double jeopardy, because the proof required to sustain one of the indictments would not necessarily sustain any of the others. See Easley v. Commonwealth, Ky., 320 S.W.2d 778. We think the question is simply one of determining the legislative intent. Did the legislature intend that in the offering for sale of a particular commodity in separate packages a separate offense would be deemed to be committed as to each package?

■ Without undertaking to discuss the various cases from this and other jurisdictions dealing with the general question of when an act, transaction or course of conduct shall be considered to constitute multiple offenses, we shall say that our examination and analysis of the cases has disclosed no basic theory or rule for determining when there is only one offense and when there are multiple offenses. The number of persons suffering actual injury from the wrongful act or conduct is not an established test, because in shooting and wounding cases there has been held to be a separate offense for each person shot, even

though two or more of the persons may have been struck by the same bullet, Commonwealth v. Browning, 146 Ky. 770, 143 S.W. 407; whereas in larceny cases there is held to be only one offense from one act of taking even though the property taken belongs to several different persons, Eversole v. Commonwealth, Ky., 288 S.W.2d 58; and in a case involving practicing dentistry without a license it was held that there was not a separate offense for each patient treated, Wilson v. Commonwealth, 119 Ky. 769, 82 S.W. 427. Nor does there seem to be any basis for a test in the matter of whether the act or conduct actually causes injury or merely holds the potential of injury, because while there are many cases holding there were as many offenses as there were persons injured (this is not so as regards larceny, as above noted), it was held in In re Henry, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174, that under a statute prohibiting the use of the mails to defraud a separate offense resulted from each individual letter placed in the mail, without regard to whether anyone was actually defrauded. Some cases have undertaken to say that certain kinds of offenses are against the public generally and thus are single, as distinguished from offenses against particular individuals, which may be multiple, but the grounds of distinction are obscure to us. Also there are cases speaking of a "course of conduct" constituting one offense as distinguished from a series of separable wrongful acts constituting multiple offenses, but again difficulty is encountered in attempting to make the distinction.

■ We shall not undertake here to lay down any general rule or rules applicable to all situations. We shall restrict ourselves to an effort to determine what the legislature meant in the particular statute here in question, as regards the particular facts here involved.

The offenses here charged are of *offering for sale* various individual packages of meat. The statute prohibits offering for

sale, or selling, a "commodity" or "thing". It seems to us that what is to be considered to be a commodity or thing may reasonably depend upon the nature or character of its treatment or handling at the particular time. In the case of the *offering for sale* of goods generally considered to be in one recognized commodity class, it would seem reasonable to consider that at the *offering* stage the goods constitute only one commodity, whether offered in a lump or in separate packages. Likewise, when it comes to the matter of an actual *sale*, it would seem that the total quantity of the same class of goods passed to one purchaser in one sale would be one commodity, regardless of the number of packages involved.

This does not mean that if a merchant offers for sale or sells a commodity in separate packages, only some of which are below their marked weight, no offense has been committed if the combined weight of all the packages is not below their combined marked weight. It simply means that we construe the statute as imposing a prohibition against offering for sale, at less than the represented weight, any commodity in whole or in part, but that there can be only one offense for the total quantity of the particular commodity offered at one time.

It is our opinion that in offering for sale at one time 416 underweight packages of meat the merchant here in question committed only one offense of offering for sale under the statute.

In reaching our conclusion as to the proper interpretation of the statute we have given some consideration to the fact that if the statute were construed as intended to create an offense for each package the minimum punishment for the defendant in this case would be a fine of $10,400 or imprisonment in the county jail for 11 years, and the maximum could be a fine of $41,600 plus imprisonment for some 68 years. Doubts in the construction of a penal statute will be resolved in favor of

lenity and against a construction that would produce extremely harsh or incongruous results or impose punishments totally disproportionate to the gravity of the offense; so in case of ambiguity the construction will be against turning a single transaction into multiple offenses. Wilson v. Commonwealth, 119 Ky. 769, 82 S.W. 427; Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905.

The law is certified as herein set forth.