**Larry McGREGOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–CA–146–DG.**

Court of Appeals of Kentucky.

March 2, 1990.

Steve P. Robey, Providence, for appellant.

Aubrey R. Mooney, Webster County Atty., Dixon, Frederic J. Cowan, Atty. Gen., Frankfort, for appellee.

Before CLAYTON, LESTER and McDONALD, JJ.

LESTER, Judge.

This is an appeal from a judgment affirming the decision of the district court. A jury found appellant guilty of plumbing without a license, permit or inspection and set his punishment at a fine of $50.

This case arose out of what appears to be a pick and shovel excavation of a ditch greater than ten feet in size in Webster County. After being asked by an associate to check out the situation appellant alleviated a raw sewage problem for an elderly woman, her neighbors, and in general the citizens of Webster County. As McGregor's helpers were completing the job and covering the replaced sewer pipes a state plumbing inspector, Mr. Given, appeared and filed a complaint because a plumbing job was occurring without a licensed plumber or a permit and no inspection was requested. He was charged with violating KRS 318.030, KRS 318.134, KRS 318.130 which is the enabling statute for the rules and regulations. KRS 318.990 provides that any person who violates any statutory provision or any regulation adopted hereunder or any state plumbing code provision shall be fined between $10 and $100 or imprisoned for not more than ninety days or both. According to appellee's brief the particular regulation that is involved is 815KAR20:050 § 1(5) which provides that a permit is required for a new house sewer and for a house sewer that is to be replaced.

The district court jury found McGregor guilty and fined him $50. The circuit court affirmed the decision and this Court granted discretionary review. Now on appeal McGregor alleges that the plumbing regulations applied in this case are so ambiguous or conflicting as to relieve him from criminal liability for his alleged violation.

While it would seem that 815KAR20:050 § 1(5) contains grounds to convict McGregor, appellant brings our attention to 815KAR20:050 § 3(8): "Plumbing fixtures may be replaced without procuring a plumbing installation permit provided the county plumbing inspector is notified of the installation." Based upon the definition of plumbing fixture found in 815KAR20:010(136) it appears that the piping McGregor replaced also fits under this exception to procuring a permit as well as the requirement for when replacing a house sewer. Appellee contends that even if 815KAR20:050 § 3(8) applies the appellant nevertheless violated the law in that he never notified the county plumbing in-

**786**

spector of the installation. We are well aware that this masterpiece of draftsmanship requires notification to the inspector. The problem with the regulation is not what it says but rather what is not said. We direct the casual reader to discern from 815KAR20:050 § 3(8) when notification is required. Should McGregor have contacted the plumbing inspector before he began the project, during it, or after it was completed? We note also that if it was upon completion the state inspector was on the scene before that had even occurred.

We are reminded of § 2 of our Constitution which prohibits an oppressive government. While this situation may not be a perfect example of a violation of § 2 it comes awfully close. The inconsistency present in the regulations relied on to convict McGregor can be construed as an arbitrary taking of appellant's liberty. The statutes relied upon to convict McGregor are penal in nature allowing for a fine and incarceration. It is axiomatic and requires no citation of authority to note that penal statutes must be written so as to advise the potential transgressor of the law. "Doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishments totally disproportionate to the gravity of the offense,...." *Commonwealth v. Colonial Stores, Inc.*, Ky., 350 S.W.2d 465, 467 (1961). The statutes as well as the regulations that are written pursuant thereto must be clear and concise to give notice to those effected thereby. Because we have concluded that those relied upon in this matter were not, we find for the appellant.

The judgment of the lower court is hereby reversed.

All concur.