COMMONWEALTH of Kentucky, Appellant,

v.

Gerald LUNDERGAN, Appellee.

No. 91–SC–748–DG.

Supreme Court of Kentucky.

Feb. 18, 1993.

Chris Gorman, Atty. Gen., David A. Sexton, Ian G. Sonego, Asst. Attys. Gen., Frankfort, for appellant.

Anita M. Britton, Stoll, Keenon & Park, Lexington, William E. Johnson, J. Guthrie True, Stoll, Keenon & Park, Frankfort, for appellee.

**CAROLYN BRATT, Special Justice.**

This Court granted discretionary review to determine the proper classification of an undesignated, non-penal code, criminal offense when the prescribed penalty does not satisfy the Penal Code's definition of either a felony or a misdemeanor. The classification of the offense is dispositive in this case because the indictment was issued more than one year after the date of the appellee's conduct. If the offense is properly denominated a misdemeanor, prosecution of the appellee was time-barred by KRS 500.050.

The appellee is a former member of the Kentucky House of Representatives. He was convicted in Franklin Circuit Court of violating Section 6.775(7) of the Legislative Ethics Act, KRS 6.750 *et seq.* At the time of the appellee's conviction, the relevant penalty statute, KRS 6.990(11), did not designate his offense as either a felony or a misdemeanor.[1] It merely provided that:

> Any person who violates KRS 6.775 ... (7) ... shall be confined in the penitentiary for not less than six (6) months nor more than two (2) years, or fined not less than two hundred dollars ($200) nor more than one thousand dollars ($1,000), or both. ...

The Franklin Circuit Court characterized this undesignated offense as felony because KRS 431.060(1) provides that:

> Offenses punishable by ... confinement in the penitentiary, whether or not a fine or other penalty may also be assessed, are felonies.

The Court of Appeals reversed the appellee's conviction because it found that the offense was a misdemeanor. The Court of Appeals relied, in part, on the classification of felony offenses contained in KRS 532.020(1). Under that statute, an offense created outside the Kentucky Penal Code is classified as a felony only when the minimum sentence is at least one year. The Court of Appeals also embraced the reasoning employed in *Commonwealth v. McClure,* Ky.App., 593 S.W.2d 92 (1979), that when a statute fails to clearly indicate

the type of criminal offense it has created, the offense is treated as a misdemeanor. We affirm the decision of the Court of Appeals because it is in harmony with the legislature's intent and with the principles of fairness embodied in the rule of lenity.

When the Legislature enacted the Kentucky Penal Code in 1974, it clearly expressed the intention to treat penal code and non-penal code offenses consistently. See, KRS 532.005. In order to achieve such a result, only the Penal Code's definitions of felony and misdemeanor offenses contained in KRS 500.080(5) and (10) and the Penal Code's scheme for classifying felonies and misdemeanors found in KRS 532.020 can properly serve as the basis for disposing of this case. Any reliance on the pre-penal code definitions of felony and misdemeanor offenses contained in KRS 431.060 would be at odds with the Legislature's intention to achieve consistency in the treatment of penal code and non-penal code offenses.

It is true that the penalty for the appellee's offense (not less than six months and not more than two years of confinement in a penitentiary) does not precisely meet the Penal Code's definition of either a felony (at least one year in the custody of the Corrections Cabinet) or a misdemeanor (imprisonment for not more than one year). KRS 500.080(5) and (11). It is also true that before the adoption of the Penal Code, the place of confinement was the sole criteria for distinguishing between a felony (in a penitentiary) and a misdemeanor (other than in a penitentiary). KRS 431.060. Today, however, the length of the sentence, not the place of confinement, provides the key distinction between a felony and a misdemeanor under the Penal Code.

Therefore, in resolving the ambiguity created by KRS 6.990(11) under the Penal Code, it is no longer appropriate to accord any special importance to the use of the word penitentiary. Instead, the *minimum* permissible sentence (six months) compels the classification of the offense as a misde-

---

**1.** The General Assembly amended KRS 6.990(11) after the appellee's conviction. The

offense is now expressly designated a Class D Felony.

meanor because a *minimum* sentence of one year is now the *sine qua non* of the Penal Code's definition of a felony.

Today's decision is supported by the view expressed in *Commonwealth v. McClure, supra,* that an undesignated, non-penal code offense with a penalty of a "prison sentence of not more than five (5) years" should be treated as a misdemeanor, *id.* at 94, but it is at odds with our decision in *Commonwealth v. Davis,* Ky., 728 S.W.2d 532 (1987). The *Davis* decision, without citation, departed from the *McClure* rationale. In *Davis,* this Court held that an Ohio criminal conviction was a felony conviction for purposes of Kentucky's persistent felony offender statute because the maximum possible sentence permitted under the statute (not less than six months nor more than five years in prison) determines whether the crime is a felony or a misdemeanor. *Id.* at 532–533.

Technical distinctions could be drawn between the Court's decision in *Davis* and the view expressed in *McClure* that when a statute does not clearly indicate the type of offense the court will treat it as a misdemeanor. However, the *Davis* holding represents not only a fundamental departure from the *McClure* rationale, but it stands in irreconcilable conflict with today's decision. Therefore, the portion of the *Davis* decision which held that the greatest possible punishment allowed by a criminal statute determines whether the crime is a felony or a misdemeanor is overruled.

The Legislature's failure to expressly designate the offense of which the appellee was convicted as either a felony or a misdemeanor also supports the decision in this case. See, 6.990(11). The absence of the felony designation is of critical importance because in the same statute, the Legislature evidenced the ability to expressly denominate other offenses as felonies. See, KRS 6.990(4). When a legislature demonstrates the ability to particularize some offenses in a statute as felonies, it is then highly cogent to treat the omission of the felony designation for an offense created elsewhere in the same statute as a clear indication of that legislature's intent to treat the undesignated offense as a misdemeanor.

Kentucky case law has long recognized that when there is an ambiguity or conflict in a penal statute, the "rule of lenity" is applicable. See, *Boulder v. Commonwealth,* Ky., 610 S.W.2d 615 (1980). In *Commonwealth v. Colonial Stores,* Ky., 350 S.W.2d 465, 467 (1961), we stated that doubts about the meaning of a penal statute should be resolved:

> in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishment totally disproportionate to the gravity of the offenses.

The notions of fairness which lie at the heart of the rule of lenity can only be satisfied in this case by classifying the offense as a misdemeanor.

Although the penal statute at issue does spell out the range of punishment and the place of confinement, the statute does not expressly and unambiguously warn a potential violator that her or his actions constitute a felony offense. Moreover, an inherent ambiguity exists whenever a statute creates an undesignated criminal offense with a prescribed range of penalties that does not fit squarely within the relevant definitions of either a felony or a misdemeanor. It has taken three courts to resolve this ambiguity. Finally, a felony conviction is an extremely harsh penalty to impose without clear and unambiguous notice. See, e.g., Ky. Const. 145 (felon forfeits the right to vote) and 150 (felon forfeits the right to run for public office). Application of the rule of lenity is not only appropriate in this case but compels a finding that the offense is a misdemeanor.

For the foregoing reasons, the opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., not sitting.

REYNOLDS, J., concurs.

COMBS and WINTERSHEIMER, JJ., concur in separate opinions.

LAMBERT, J., dissents in a separate opinion in which LEIBSON and SPAIN, JJ., join.

COMBS, Justice, concurring.

I concur with Special Justice Bratt's opinion affirming the Court of Appeals.

The question at the appellate level is what was he convicted of—misdemeanor or felony? A review of the trial court record, particularly the sentencing phase instruction and the verdict of the jury convinced me that it was the intention of the jury to find him guilty of a misdemeanor. That pivotal verdict is as follows:

We, the jury, fix the defendant's punishment at NONE (period of confinement) and/or a fine of $1,000.

This punishment represents a legal sentence under the statute defining the offense. I must conclude that the conduct constituted a misdemeanor, subject to the statute of limitations, and that the judgment and sentence may not be imposed.

WINTERSHEIMER, Justice, concurring.

I concur with the result reached by the majority opinion but wish to express my views separately. However, I do not believe that *Commonwealth v. Davis*, Ky., 728 S.W.2d 532 (1987) should be overruled.

The Court of Appeals correctly reversed the judgment of conviction because the penalty provision applicable to the offense of which Lundergan was convicted does not specify whether it was a felony or a misdemeanor. When there is doubt in the construction of a penal statute, it will be resolved against a construction that would produce an extremely harsh or incongruous result. *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980); *Commonwealth v. Colonial Stores*, Ky., 350 S.W.2d 465 (1961).

It has long been recognized in Kentucky that where there is a conflict or ambiguity in penal statutes, the applicable rule of construction is what has been called the "Rule of Lenity." The rule means that penal statutes are not to be extended by construction, but must be limited to cases clearly within the language employed. *Cf. Commonwealth v. Malone*, 141 Ky. 441, 132 S.W. 1033 (1911). A limited review of some of the cases decided by this Court in the last decade, indicates continued adherence to the Rule of Lenity. *See Roney v. Commonwealth*, Ky., 695 S.W.2d 863 (1985); *Woods v. Commonwealth*, Ky., 793 S.W.2d 809 (1990) and *Stoker & Davis v. Commonwealth*, Ky., 828 S.W.2d 619 (1992). Although unsuccessful, an articulate minority has argued for its application in several other cases. *See* dissents in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987); *Dotson v. Commonwealth*, Ky., 740 S.W.2d 930 (1987); *Francis v. Commonwealth*, Ky., 752 S.W.2d 309 (1988); *Commonwealth v. Bass*, Ky., 777 S.W.2d 916 (1989). The present case clearly presents such an ambiguity.

A person who violates K.R.S. 6.775(7) is subject to penalties provided in K.R.S. 6.990(11). Nothing in the statutory provisions specifically defines the violation of K.R.S. 6.775(7) as either a misdemeanor or a felony. The absence of such a definition clearly distinguishes § 11 from K.R.S. 6.990(4) which specifically designates violations of K.R.S. 6.775(1), (2), (3) or (4) as Class D felonies. Subsection 7 is omitted, which is an important factor in considering this case.

The penalty provided in § 11 also fails to meet the definition of a felony for offenses created outside the penal code. K.R.S. 532.020 provides in pertinent part that any offense defined outside this code ... provides a sentence to a term of imprisonment ... for at least one year ... and shall be deemed a Class D felony. The penalties set out in § 11 do not conform to such a designation. The definition of felony in the penal code is "... an offense for which a sentence to a term of imprisonment of at least one year...." K.R.S. 500.080(5).

The penalties imposed by § 11 do not clearly come within either the misdemeanor or felony provisions. When the statute does not clearly indicate the type of offense, the courts regard the offense as a misdemeanor. *Commonwealth v. McClure*, Ky.App., 593 S.W.2d 92 (1979).

The problem with § 11 is that it does not properly inform the reader that a violation constitutes a felony. The penalties imposed by § 11 do not relate to the penalties for either felonies or misdemeanors. If the

legislature had intended a violation of K.R.S. 6.775 to be a felony, it should have stated so clearly. All persons must be treated equally by the law. Although it could be said that a violator must assume some risk, the better view is that statutes must be clear and unambiguous in order to provide all persons, whether legislator or laborer, with notice of the penalty they might suffer if found to be in violation thereof.

It should be recognized that K.R.S. 6.775(7) is a "nonpenal code offense." The failure of the legislature to specifically determine that a violation of the statute was either a felony or misdemeanor is of particular concern here because in 1976, the General Assembly designated certain other offenses set out in K.R.S. 6.775 as felonies. After the published decision of the Court of Appeals the General Assembly did amend the penalty provisions of K.R.S. 6.990 as part of a general legislative revision. In the 1992 session of the General Assembly, § 11 was amended but such amendments do not apply to this case. However it does appear that there may be a possibility that the General Assembly recognized that there was ambiguity in § 11.

K.R.S. 532.005 states that Chapter 532 applies to "crimes outside the provisions of the penal code." The General Assembly provided in K.R.S. 532.020 for the classification of crimes defined outside the code. The 1974 commentary explains that this section was developed to provide a classification system for offenses defined outside the code and to make the classification consistent with the classifications used outside the code. 7 Baldwin's Kentucky Revised Statutes Annotated 215.

The definition and classification of nonpenal code crimes is presently incorporated in K.R.S. 431.060 and K.R.S. 535.020. The penal code set guidelines to classify nonpenal code offenses based on possible sentencing terms in K.R.S. 532.020. An offense is considered the lowest felony, Class D, if the law outside the code provides a sentence to a term of imprisonment in the penitentiary for at least one but not more than five years. The plain meaning of the statute would require that a felony have a minimum sentence of at least one year.

I must disagree with the reasoning of the majority opinion in regard to *Davis, supra.* As noted by the Court of Appeals, *Davis* is distinguishable in two ways: First, the *Davis* court was interpreting Kentucky's persistent felony statute and, Second, the Ohio felony conviction was defined as a felony under Ohio law. Neither condition is present here. There is no valid reason to overrule *Davis.*

When the statute is clear the penalty as provided by law should be firmly but fairly and equally imposed. However, where there is ambiguity in the statute, the construction should be against the extremely harsh or incongruous result. As the statute existed at the time of this situation, it gave rise to doubt. The rule of lenity is a rule of statutory construction and should not be used primarily as a substitute for leniency.

This case should be limited only to offenses outside the penal code which do not specify whether a violation is a felony or a misdemeanor and which fails to impose a term of imprisonment of at least one year. It does not apply to penal code offenses or statutes which expressly state that the offense is a felony or statutes which impose a minimum sentence of one year or more. The other offenses announced by K.R.S. 6.775 as so denominated are still felonies.

LAMBERT, Justice, dissenting.

The four Justices who comprise the Court's majority have delivered three separate opinions which differ substantially from one another. Special Justice Bratt holds that this Court's decision in *Commonwealth v. Davis,* Ky., 728 S.W.2d 532 (1987), was erroneous and should be overruled in favor of a Court of Appeals' opinion rendered several years earlier in *Commonwealth v. McClure,* Ky.App., 593 S.W.2d 92 (1979). *Davis* held unmistakably that the maximum possible term of incarceration is controlling of whether an undesignated offense is a felony or a misdemeanor, while *McClure* held just the opposite;

that when a statute does not clearly indicate the type of offense, the Court will treat it as a misdemeanor. Justice Reynolds has joined this view. In an effort to salvage *Commonwealth v. Davis,* and despite its close factual similarity to the instant case, Justice Wintersheimer has written that *Davis* does not apply here. Justice Combs presents a third view. He relies on the verdict of the jury as indicative of its intention to convict appellee of a misdemeanor rather than a felony. Under this view, the intent of the Legislature would be irrelevant. To determine whether a crime is a felony or a misdemeanor when the offense is undesignated, one should merely examine the verdict. To say the least, this is an imaginative approach.

In SCR 1.030(8)(a) and SCR 1.040(5), this Court has commanded all other courts of Kentucky to follow its precedent. When a collegial court enacts such a rule, it impliedly undertakes to render opinions which are reasonably capable of understanding and application by judges and lawyers throughout the jurisdiction. When a four-judge majority expresses itself by means of three irreconcilable opinions, it renders meaningless its rules which require lower courts to follow its precedent. The next time this issue arises, I pity the trial court and the lawyers as they try to apply the majority decision.

Turning to the merits of the case at bar, this Court granted discretionary review to determine whether a non-penal code criminal statute which provides for punishment of a fine and/or incarceration in the penitentiary for a term of not less than six months nor more than two years was intended by the General Assembly to be a felony or a misdemeanor. Determination of the foregoing is decisive to the outcome of this case as conviction of a misdemeanor was time-barred when the prosecution was commenced. KRS 500.050(2).

Appellee, a former member of the Kentucky House of Representatives, was indicted in the Franklin Circuit Court and convicted upon a jury verdict of violating the Legislative Ethics Act, KRS 6.750, *et seq.* The provision of the Act which appellee violated was KRS 6.775(7) and the penalty statute which prevailed at that time was KRS 6.990(11)[1] which stated as follows:

"Any person who violates KRS 6.775(6), (7) or (8); KRS 6.795(3) or (6); or KRS 6.800(1) shall be confined in the penitentiary for not less than six (6) months nor more than two (2) years, or fined not less than two-hundred dollars ($200) nor more than one-thousand dollars ($1,000), or both, and in addition shall be judged to have forfeited any constitutional or statutory office or employment which he may hold.

After return of the guilty verdict, appellee moved the court for judgment notwithstanding the verdict. He contended that the offense was a misdemeanor and his conviction was therefore time-barred. Overruling the motion, the trial court held that offenses defined outside the penal code were governed by KRS 431.060(1) which provides that:

"Offenses punishable by death or confinement in the penitentiary, whether or not a fine or other penalty may also be assessed, are felonies."

The trial court rejected appellee's argument that the classification of the offense should be determined by KRS 532.020 and KRS 500.080 and said:

"The critical distinction both under that statute [KRS 431.060(1)] and under case law is the place of confinement, not the length."

The Court of Appeals reversed. Relying on KRS 532.020, it held that for an offense outside the penal code to be classified as a felony, a term of imprisonment in the penitentiary of at least one year must be contained in the statute.

The parties have debated at length the effect of various definition and construction statutes which may assist in our determination. The Commonwealth points to KRS 500.080(5) which defines a felony as

---

1. The penalty provision was amended effective July 14, 1992, and is now codified in KRS 6.990(11). Under the new statute the offense is designated a Class D Felony.

"an offense for which a sentence to a term of imprisonment of at least one (1) year in the custody of the Corrections Cabinet may be imposed." It also looks to KRS 500.-080(10) for the definition of a misdemeanor and its requirement that the sentence to a term of imprisonment not exceed twelve months. Of course, the Commonwealth relies heavily on KRS 431.060, quoted hereinabove, for the proposition that offenses punishable by confinement in the penitentiary are felonies.

For his contention that the instant offense is not a felony, appellee relies on KRS 532.020 which provides that non-penal code offenses with terms of imprisonment in the state penitentiary or reformatory for at least one but not more than five years shall be deemed to be Class D felonies. He recognizes, however, that under the definitions contained in KRS 532.020(2) and (3), the instant offense likewise fails to constitute a misdemeanor. As such, appellee depends on the reasoning of *Commonwealth v. McClure*, Ky.App., 593 S.W.2d 92 (1979), a view embraced by the Court of Appeals, that when a statute fails to clearly indicate the type of offense, it shall be treated as a misdemeanor. He dismisses any effect of KRS 431.060(1) as being a pre-penal code definition which was superseded or modified by KRS 532.020.

The first step in statutory construction is to examine the language used. The significant features of the instant statute are that it designates the place of confinement as the penitentiary; the term of confinement as not less than six months nor more than two years; and fails to say whether the punishment is for a felony or a misdemeanor.

Traditionally, and as a matter of general law, one principal difference between a felony and a misdemeanor has been whether the offense is punishable by confinement in the county jail or in the state penitentiary. In *Copeland v. Commonwealth*, 214 Ky. 209, 282 S.W. 1077 (1926), the Court expressed some uncertainty as to whether there was a valid distinction between the terms "prison" and "imprisonment," but left no doubt that "state penitentiary" was for punishment of more serious crimes and the "county jail" was for punishment of lesser offenses. KRS 431.060(1) recognizes this distinction by use of the word "penitentiary" for the place of confinement of those convicted of felonies. The statute here uses the term "penitentiary" indicating that the General Assembly regarded it as a more serious offense.

Another traditional distinction between felonies and misdemeanors has been the duration of confinement. It is undisputed that when the minimum duration is one year, the offense is a felony, and when the maximum duration is twelve months, the offense is a misdemeanor. The difficulty arises when the minimum term is less than one year and the maximum term is more than twelve months. Thus, for purposes of determining whether an offense is a felony or a misdemeanor, we must decide whether the minimum or maximum term of incarceration is more persuasive.

The Court of Appeals addressed this question and the significance of the place of confinement in *Commonwealth v. McClure, supra,* wherein the statute provided for punishment of a fine and "a prison sentence of not more than five (5) years, or by both fine and imprisonment in the discretion of the jury." 593 S.W.2d at 94. The Commonwealth had sought a construction which focused on the maximum duration and "prison" as the place of confinement. As to confinement in "prison," the court relied on *Copeland v. Commonwealth, supra,* for the proposition that "prison" was not of sufficient particularity to indicate whether the offense was a felony or misdemeanor. As to the five-year maximum duration, the *McClure* decision merely held that the statute was insufficiently definite to delineate a felony. It declared that:

> "[W]hen the statute does not clearly indicate the type of offense, the courts regard the offense as a misdemeanor." *Commonwealth v. McClure*, at 97.

It would be possible to distinguish *McClure* from the case at bar by the statute's use of the term "prison" rather than "penitentiary," but it cannot be ignored that, with

respect to the duration of incarceration, the statutes are very similar.

This Court departed from the view expressed in *Commonwealth v. McClure*, albeit without citation, with its decision in *Commonwealth v. Davis*, Ky., 728 S.W.2d 532 (1987). In *Davis*, the Court held that an Ohio statute which provided for punishment of six months to five years satisfied the Kentucky felony requirement for purposes of persistent felony offender enhancement. While the Ohio statute was denominated a felony in that jurisdiction, and, in part, the controversy involved construction of KRS 532.080(3)(a), the central holding in *Davis* cannot be distinguished from this case. We said:

> "The fact that the Ohio felony provisions permit punishment for less than one year is not as significant as the fact that the statute authorizes punishment for more than one year. The key is that the maximum sentence imposed which can be served in a foreign jurisdiction controls and permits the crime to be considered as a felony for PFO purposes in Kentucky. The possibility of an indeterminate minimum of less than one year is not controlling." *Davis* at 532–533.

As the foregoing quotation demonstrates, this Court held that the greatest possible punishment allowed by the statute determined whether the crime was a felony or a misdemeanor. While there are differences in language and purpose between the Ohio statute in *Davis* and the statute in the instant case, it is impossible to meaningfully distinguish between them on the issue presented here.

As I believe that use of the term "penitentiary" in the statute under review is indicative of legislative intent to punish a more serious offense, and as this Court's most recent decision on point states that the maximum possible term is controlling, this dissenting opinion could be concluded without further elaboration. Nevertheless, I deem it appropriate to comment on the view expressed in the opinion of Special Justice Bratt that the statute here does not inform the reader that a violation constitutes a felony and the corollary argument

that in the face of uncertainty, the "rule of lenity" should be applied.

I consider it insignificant that the statute under review was neither specifically delineated as a felony, nor fell within the enunciated parameters of punishment for either a felony or a misdemeanor offense. Here, there was no uncertainty about the range of punishment which could be imposed for a violation nor the place of confinement upon conviction. As there existed ample warning to one contemplating a violation, the statute was without any "grievous ambiguity or uncertainty in the language and structure of the Act," and

> "A straightforward reading of [it] does not produce a result so "absurd or glaringly unjust" as to raise a 'reasonable doubt' about [legislative] intent." *Chapman v. United States*, [—— U.S. ——, 111 S.Ct. 1919], 114 L.Ed.2d 524 (1991). (Citations omitted.)

I have not ignored the long observed view that

> "doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishment totally disproportionate to the gravity of the offense. *Commonwealth v. Colonial Stores, Inc.*, Ky., 350 S.W.2d 465, 467 (1961).

However, as this statute was neither of doubtful construction, nor felony punishment extremely harsh or disproportionate to the gravity of the offense, the rule of lenity is not applicable.

For the foregoing reasons, I dissent from the opinions and would reinstate the judgment of the trial court.

LEIBSON and SPAIN, JJ., join this dissenting opinion.