COMMONWEALTH of
Kentucky, Appellant,

v.

John B. DAVIS, Appellee.

Supreme Court of Kentucky.

April 30, 1987.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellant.

James C. Shackelford, Dept. of Public Advocacy, Andrews and Shackelford, Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the first-degree persistent felony conviction of Davis because the underlying Ohio felony conviction could not be used to support the PFO charge in Kentucky.

The question is whether an Ohio felony conviction for which Davis received an indeterminate sentence of six months to five years, probated for three years, qualifies as a felony for the persistent-felony offender purposes in Kentucky.

Davis was convicted of a third-degree burglary felony, and of being a first-degree PFO offender and was sentenced to ten years in prison. The PFO conviction was supported by two previous felony convictions in Ohio for breaking and entering. Davis complains that the use of the Ohio judgment of February 4, 1982 was improper because the allowable sentence range for that kind of conviction was from six months to five years pursuant to Ohio Criminal Statute 2929.11, a fourth-degree felony. The actual Ohio sentence was for six months to five years probated for three years. The Court of Appeals reasoned that only sentences with a minimum of one year can fulfill the Kentucky legislative mandate for a PFO offense. This appeal followed.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of the circuit court.

KRS 532.080(3)(a) defines a persistent felony offender in the first degree as one who is more than 21–years of age and stands convicted of a felony after having been convicted of two or more previous felonies. A previous felony conviction is defined as a conviction of a felony in this state or of a crime in another jurisdiction in which a sentence to a term of imprisonment of one year or more was imposed.

The one-year requirement of the PFO statute should be interpreted so as to allow the enhancement of punishment for repeat felons wherever the conviction arises. The Ohio crime of which Davis complains was a fourth-class felony in that state. The fact that the Ohio felony provisions permit punishment for less than one year is not as significant as the fact that the statute authorizes punishment for more than one

year. The key is that the maximum sentence imposed which can be served in a foreign jurisdiction controls and permits the crime to be considered as a felony for PFO purposes in Kentucky. The possibility of an indeterminate minimum of less than one year is not controlling.

By analogy, shock probation under KRS 439.265 permits punishment for less than one year but does not authorize the reduction of a felony to misdemeanor status for PFO purposes.

The Ohio felony conviction that Davis questions is characterized as a felony under Ohio law and Davis would qualify as a repeat offender in accordance with Ohio law pursuant to O.R.C. 2929.01(A)(5).

It is the holding of this Court that for purposes of a persistent felony offender conviction, an indeterminate sentence based on a felony conviction from another jurisdiction shall be construed so that the maximum sentence is the key to whether the foreign conviction qualifies under the persistent felony offender statute of Kentucky.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.

STEPHENS, C.J., dissents by separate opinion.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent. The Kentucky persistent felony offender statute requires, as a basis, a previous conviction of a felony. KRS 532.080. A felony conviction is a conviction bringing a minimum sentence of one year or more. The underlying Ohio conviction while nominally a felony allowed a minimum sentence of *six* months. A crime which carries a six-month penalty in Kentucky is a misdemeanor and cannot be used to support a persistent felony offender conviction.