**William E. WARE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1999–SC–0986–DG.

Supreme Court of Kentucky.

June 14, 2001.

Amended Aug. 23, 2001.

Kathleen K. Schmidt, Shepherdsville, Counsel for Appellant.

A.B. Chandler, III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

COOPER, Justice.

Pursuant to a conditional plea of guilty, RCr 8.09, Appellant William E. Ware was convicted of stalking in the first degree, KRS 508.140, violation of an emergency protective order, KRS 403.763, and being a persistent felony offender (PFO) in the first degree, KRS 532.080(3). He was sentenced to five years in prison enhanced to ten years because of his PFO status. The only issue on appeal is whether Appellant's two prior convictions in North Carolina qualify as "previous felony convictions" under KRS 532.080(3). The Court of Appeals affirmed and we granted discretionary review to resolve a perceived conflict between our prior decisions in *Commonwealth v. Davis*, Ky., 728 S.W.2d 532 (1987) and *Commonwealth v. Lundergan*, Ky., 847 S.W.2d 729 (1993). We now affirm both the Fayette Circuit Court and the Court of Appeals.

Appellant's conviction of PFO in the first degree was based on two previous convictions: (1) driving while license revoked by final judgment of the Mecklenburg County District Court, North Carolina, in 1991; and (2) damage to personal property by final judgment of the Mecklenburg County District Court, North Carolina, in 1985. Both offenses are designated as misdemeanors under North Carolina law. However, each carries a maximum penalty of up to two years imprisonment. A sentence of eighteen months probated for three years was imposed for Appellant's conviction of driving while license revoked, and a sentence of two years probated for three years was imposed for his conviction of damage to personal property.

KRS 532.080(3)(a)[1] defines "previous felony conviction" as follows:

> As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:
>
> (a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and ... [other requirements not pertinent to this case]

With respect to an out-of-state conviction, the statute requires *inter alia* only that the conviction be for a "crime" and that a sentence of one year or more was "imposed." As explained in the 1974 Commentary:

> Subsection (2) [now subsections (2) and (3)] sets forth a definition of a previous felony conviction. It requires in subsection (a) that the previous offense must have been accompanied by a sentence of imprisonment for one year.

This requirement seeks to account for the possibility of conviction from a state which has a distinction between felony and misdemeanor that is different from that used in this state. Thus, although such conviction is for an offense designated in that other state as a misdemeanor, it can be treated as a felony for purposes of this statute if it carried a penalty of one year or more.

Since sentences of one year or more were imposed for each of Appellant's previous convictions, both are considered previous felony convictions for purposes of PFO enhancement.

*Commonwealth v. Davis, supra,* held that a conviction for which a sentence of "six months to five years probated for three years" was imposed was a "previous felony conviction" as defined in KRS 532.080(3), because the maximum time which could be served under the imposed sentence was at least one year. *Commonwealth v. Lundergan, supra,* did not involve KRS 532.080. The issue in *Lundergan* was whether the offense described in KRS 6.775(7) was a felony or a misdemeanor for purposes of the one year statute of limitations applicable only to misdemeanors. KRS 500.050. It was held that the statute described a misdemeanor.[2] The perceived conflict between those two opinions arose because the plurality opinion in *Lundergan* purported to overrule *Davis.* Not only was there no need to overrule *Davis* in order to conclude that the offense considered in *Lundergan* was a misdemeanor, only three justices concurred in overruling *Davis.* Four justices disagreed; thus, *Davis* was not overruled.

---

**1.** The definition of "previous felony conviction" is the same in both KRS 532.080(2) and KRS 532.080(3); thus, our holding in this case would apply as well to a charge of persistent felony offender in the second degree.

**2.** KRS 6.775(7) was subsequently repealed by amendment. 1993 Ky. Acts (1st ex. sess.), ch. 4, § 6. Now see KRS 6.737, which specifically defines the offense as a Class D felony.

20 Am.Jur.2d *Courts* § 159 (1995) ("[a] minority opinion has no binding precedential value . . . [and] if a majority of the court agreed on a decision in the case, but less than a majority could agree on the reasoning for that decision, the decision has no stare decisis effect").

Accordingly, the decision of the Court of Appeals and the judgment of conviction and sentence imposed by the Fayette Circuit Court are affirmed.

LAMBERT, C.J., GRAVES, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.

KELLER, J., not sitting.