RENDERED: JANUARY 9, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0341-MR

UNIVERSITY OF LOUISVILLE                                      APPELLANT


                          APPEAL FROM FRANKLIN CIRCUIT COURT
v.                        HONORABLE PHILLIP J. SHEPHERD, JUDGE
                          ACTION NO. 21-CI-00368


ALIA JOHNSON; ANGELA OLSON;
AND LORENE HACK, ON BEHALF
OF THEMSELVES AND A
PUTATIVE CLASS                                               APPELLEES

AND


                          NO. 2024-CA-0342-MR

KENTUCKY STATE UNIVERSITY                                     APPELLANT


                          APPEAL FROM FRANKLIN CIRCUIT COURT
v.                        HONORABLE PHILLIP J. SHEPHERD, JUDGE
                          ACTION NOS. 21-CI-00368 AND 21-CI-00382


TERRANCE MOORE,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY
SITUATED                                                     APPELLEES

AND

NO. 2024-CA-0343-MR

MOREHEAD STATE UNIVERSITY                                   APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NOS. 21-CI-00368 AND 21-CI-00377


JOHN NEW; JORDYN JACKSON;
AND MARY DAMERON,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY
SITUATED                                                   APPELLEES

AND

NO. 2024-CA-0344-MR

WESTERN KENTUCKY
UNIVERSITY                                                 APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 21-CI-00373


BRANDON CONDIFF; DA'VIA
DANIEL; EVAN MARKHUM; AND
JOANNA LEWIS, ON BEHALF OF
THEMSELVES AND A PUTATIVE
CLASS                                                      APPELLEES

-2-

AND

NO. 2024-CA-0345-MR

NORTHERN KENTUCKY
UNIVERSITY                                                          APPELLANT


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                              ACTION NO. 21-CI-00381


CALEB HURT; ETHAN WIELAND;
AND GREYSON LOVE, ON BEHALF
OF THEMSELVES AND A
PUTATIVE CLASS                                                      APPELLEES

AND

NO. 2024-CA-0346-MR

UNIVERSITY OF LOUISVILLE;
ALFONSO CORNISH; DAVID
SCHULTZ; DIANE L. PORTER;
DIANE MEDLEY; JAMES M.
ROGERS; JOHN D. SMITH; JOHN E.
CHILTON; MARY R. NIXON;
RANDALL J. BUFFORD; RAYMOND
BURSE; SANDRA FRAZIER; AND
SCOTT W. BRINKMAN                                                  APPELLANTS


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                              ACTION NO. 20-CI-00985

KELSEY LYVERS, ON BEHALF OF
HERSELF AND A PUTATIVE CLASS                                    APPELLEE

AND


NO. 2024-CA-0372-MR


EASTERN KENTUCKY
UNIVERSITY                                                            APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE PHILLIP J. SHEPHERD, JUDGE
                    ACTION NO. 21-CI-00370 & 21-CI-00368


AMANDA VERHOEVEN; ANNA
NELSON; EMILY HANNERS;
MCKENZIE GARRETT; AND
ZJONESIA BOWLING, ON BEHALF
OF THEMSELVES AND A
PUTATIVE CLASS                                                      APPELLEES


                                OPINION
                        VACATING AND REMANDING

                            ** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  The University of Louisville brings Appeal No. 2024-CA-

0341-MR; Kentucky State University brings Appeal No. 2024-CA-0342-MR;

Morehead State University brings Appeal No. 2024-CA-0343-MR; Western Kentucky University brings Appeal No. 2024-CA-0344-MR; Northern Kentucky University brings Appeal No. 2024-CA-0345-MR; University of Louisville, Scott W. Brinkman, Randall J. Bufford, Raymond Burse, John M. Rogers, David Schultz, and John D. Smith bring Appeal No. 2024-CA-0346-MR; and Eastern Kentucky University brings Appeal No. 2024-CA-0372-MR, collectively from a March 5, 2024, order denying motions to dismiss in each case upon the ground of governmental immunity.[1] We vacate and remand Appeal Nos. 2024-CA-0341-MR, 2024-CA-0342-MR; 2024-CA-0343-MR, 2024-CA-0344-MR, 2024-CA-0345-MR, 2024-CA-0346-MR and 2024-CA-0372-MR.

BACKGROUND

In these seven appeals, appellees were students enrolled in the University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern Kentucky University, and Eastern Kentucky University.[2] Appellees sought to recover tuition and fees paid to attend in-person classes at the respective universities during the 2020 spring semester. Due to the outbreak of Coronavirus, SARS-CoV-2, (COVID-19) pandemic during

---

[1] These appeals were designated to be heard together by a September 25, 2024, Order of this Court.

[2] In this Opinion, the University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern Kentucky University, and Eastern Kentucky University are sometimes collectively referred to as simply the Universities.

2020, Kentucky universities and colleges, like most higher education institutions across the country, were forced to convert in-person class instruction to virtual or online instruction.[3] University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern Kentucky University, and Eastern Kentucky University replaced in-person classes with online classes in March of 2020. It is undisputed that the students who converted to online classes still received academic credit for the classes, if successfully completed.

## CIRCUIT COURT ACTIONS

Appellees filed separate actions in the Franklin Circuit Court against University of Louisville (Action Nos. 20-CI-00368 and 20-CI-00985), Kentucky State University (Action No. 21-CI-00382), Morehead State University (Action No. 21-CI-00377), Western Kentucky University (Action No. 21-CI-00373), Northern Kentucky University (Action No. 21-CI-00381), and Eastern Kentucky University (Action No. 21-CI-00370).

In particular, on May 4, 2021, in Action No. 21-CI-00368, Alia Johnson, Angela Olson, and Lorene Hack, individually and on behalf of all others similarly situated, (collectively referred to as Johnson) filed a complaint against University of Louisville. Therein, Johnson alleged, in relevant part:

---

[3] Governor Andy Beshear declared a state of emergency by execution of Executive Order 2020-215 due to the proliferation of COVID-19.

7.  The Plaintiffs were a [sic] full-time students enrolled in the University of Louisville for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees and parking.

8.  UL required that the Plaintiffs, and other Members of the punitive [sic] Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory fees prior to enrolling the 2020 Spring Semester.

9.  UL requires documents acknowledging the written contract between UL and the full-time students to be signed electronically, with UL maintaining each electronic copy and not providing a copy to the students.

10.  The Plaintiffs, and other Members of the putative Class, were presented with syllabuses for classes which indicated the classes were to be taught in-person, in a specific classroom.

11.  UL issues a Student Bulletin which outlines all the classes, attendance requirements, participation requirements, and location of classes, all of which is part of the contract between the Plaintiffs, putative Class Members, and UL.

12.  The Syllabuses were a contract between UL and the Plaintiffs, and Members of the putative Class.

13.  In or around March 2020, UL announced that because of the global COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester.  The campus was effectively shut down for student use and access.  There were some limited exceptions for international students and certain hardship cases.

. . . .

-7-

22.  The Plaintiffs bring this action for breach of contract and any other available remedies, resulting from UL's breach of the written contract with them and retaining tuition and mandatory fees paid by Plaintiffs and the other Class Members, while forcing the Plaintiffs and the other Class Members to remain off campus.

. . . .

53.  UL utilizes various documents, including, but not limited to, a payment obligation (Statement of Student Financial Responsibility – Office of the Bursar attached as Exhibit 1), class syllabuses, Bulletins (or similar document) and a Student Handbook (Undergraduate Academic Catalog Summer 2019-Spring 2020 is attached Exhibit 2), which together constitute a written contract with the Plaintiffs and the Members of the Class.

54.  UL is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiffs and Members of the Class.

55.  Under their written contracts with UL, Plaintiffs and the Members of the Class paid UL tuition, mandatory fees, and/or other charges for UL to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to UL's facilities and services.

56.  Plaintiffs and the Cass [sic] Members have fulfilled all requirements, having paid UL for all Spring 2020 term financial assessments for tuition, mandatory fees, and other fees.

Record at 2-4, 9.

In Action No. 21-CI-00382, Terrance Moore, individually and on behalf of all others similarly situated, (Moore) filed a complaint against Kentucky State University. In the complaint, Moore alleged, in relevant part:

7. The Plaintiff was a full-time student enrolled in Kentucky State University for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees.

8. KSU required that the Plaintiff, and other Members of the punitive [sic] Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory fees prior to enrolling the 2020 Spring Semester.

9. KSU requires documents acknowledging the written contract between KSU and the full-time students to be signed electronically, with KSU maintaining each electronic copy and not providing a copy to the students.

10. The Plaintiff, and other Members of the putative Class, was presented with syllabuses for classes which indicated the classes were to be taught in-person, in a specific classroom. See Exhibit 1 (Undergraduate Catalog) and Exhibit 2 (Faculty Handbook) and Exhibit 3 (Course Syllabi Policy).

11. KSU issues a Student Undergraduate Graduate Catalog (See Exhibit 1) which outlines all the classes, attendance requirements, participation requirements, and location of classes, all of which is part of the contract between the Plaintiff, putative Class Members, and KSU.

12. The Syllabuses were a contract between KSU and the Plaintiff, and Members of the putative Class.

13. In or around March 2020, KSU announced that because of the global COVID-19 pandemic, all classes would be moved online for the remainder of the Spring

2020 semester. The campus was effectively shut down for student use and access. There were some limited exceptions for international students and certain hardship cases.

. . . .

22. The Plaintiff brings this action for breach of contract and any other available remedies, resulting from KSU's breach of the written contract with them and retaining tuition and mandatory fees paid by Plaintiff and the other Class Members, while forcing the Plaintiff and the other Class Members to remain off campus.

. . . .

55. KSU utilizes various documents, including, but not limited to, a payment obligation, class syllabuses, Bulletins (or similar document) and a Student Handbook, which together constitute a written contract with the Plaintiff and the Members of the Class.

56. KSU is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiff and Members of the Class.

57. Under their written contracts with KSU, Plaintiff and the Members of the Class paid KSU tuition, mandatory fees, and/or other charges for KSU to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to KSU's facilities and services.

. . . .

59. However, KSU has breached such contracts, failed to provide those services and/or has not otherwise performed as required by the contract between Plaintiff and the Class Members and KSU. KSU had moved all

classes to online classes and had restricted or eliminated Plaintiff's and the Class Members' ability to access university facilities and services. In doing so, KSU has deprived Plaintiff and the Class Members from the benefit of their written contract with KSU and breached the written contract.

60. Plaintiff and the Class Members have been damaged as a direct and proximate result of KSU's breach.

Record at 885-87, 891-92.

In Action No. 21-CI-00373, Brandon Condiff, Da'Via Daniel, Evan Markhum, and Joanna Lewis, individually and on behalf of all others similarly situated, (collectively referred to as Condiff) filed a complaint against Western Kentucky University. In the complaint, Condiff claimed, in relevant part:

7. The Plaintiffs were a [sic] full-time students enrolled in Western Kentucky University for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees.

8. WKU required that the Plaintiffs, and other Members of the punitive [sic] Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory fees prior to enrolling the 2020 Spring Semester. See Exhibit 1 (Payment Obligation)[.]

9. WKU requires documents acknowledging the written contract between WKU and the full-time students to be signed electronically, with WKU maintaining each electronic copy and not providing a copy to the students.

. . . .

13. In or around March 2020, WKU announced that because of the global COVID-19 pandemic, all classes

-11-

would be moved online for the remainder of the Spring 2020 semester. The campus was effectively shut down for student use and access. There were some limited exceptions for international students and certain hardship cases.

14. After the stay-at-home directives of WKU, the Plaintiffs, and all other Members of the putative Class, were deprived of in class instruction, use of facilities for which they had paid mandatory fees and other fees.

. . . .

56. WKU utilizes various documents, including, but not limited to, a payment obligation, class syllabuses, Bulletins (or similar document) and a Student Handbook, which together constitute a written contract with the Plaintiffs and the Members of the Class.

57. WKU is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiffs and Members of the Class.

58. Under their written contracts with WKU, Plaintiffs and the Members of the Class paid WKU tuition, mandatory fees, and/or other charges for WKU to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to WKU's facilities and services.

59. Plaintiffs and the Cass [sic] Members have fulfilled all requirements, having paid WKU for all Spring 2020 term financial assessments for tuition, mandatory fees, and other fees.

60. However, WKU has breached such contracts, failed to provide those services and/or has not otherwise performed as required by the contract between Plaintiffs and the Class Members and WKU. WKU had moved all

-12-

classes to online classes and had restricted or eliminated Plaintiffs' and the Class Members' ability to access university facilities and services. In doing so, WKU has deprived Plaintiffs and the Class Members from the benefit of their written contract with WKU and breached the written contract.

61. Plaintiffs and the Class Members have been damaged as a direct and proximate result of WKU's breach.

62. Mandatory fees paid by the Plaintiffs and Class Members exceed $7,400.000.

63. In-class tuition payments paid by the Plaintiffs and Class Members exceed $90,000,000.

64. Plaintiffs and the Class Members are entitled to damages, including but not limited to tuition refunds, fee refunds, and/or refunds for any other monies paid to WKU

Record at 665-66, 672-73.

In Action No. 21-CI-00377, John New, Jordyn Jackson, and Mary Dameron, individually and on behalf of all others similarly situated, (collectively referred to as New) filed a complaint against Morehead State University. Therein, New alleged, in relevant part:

7. The Plaintiffs were full-time students enrolled in Morehead State University for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees.

8. MSU required that the Plaintiffs, and other Members of the punitive [sic] Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory

-13-

fees prior to enrolling the 2020 Spring Semester. See Exhibit 1 (Tuition and Fee Responsibility Agreement)[.]

9. MSU requires documents acknowledging the written contract between MSU and the full-time students to be signed electronically, with MSU maintaining each electronic copy and not providing a copy to the students.

10. The Plaintiffs, and other Members of the putative Class, were presented with syllabuses for classes which indicated the classes were to be taught in-person, in a specific classroom.

11. MSU issues a Student Undergraduate Graduate Catalog and Graduate Catalog (See Exhibit 2 and Exhibit 3) which outlines all the classes, attendance requirements, participation requirements, and location of classes, all of which is part of the contract between the Plaintiffs, putative Class Members, and MSU.

. . . .

13. The Syllabuses were a contract between MSU and the Plaintiffs, and Members of the putative Class.

. . . .

24. The Plaintiffs bring this action for breach of contract and any other available remedies, resulting from MSU's breach of the written contract with them and retaining tuition and mandatory fees paid by Plaintiffs and the other Class Members, while forcing the Plaintiffs and the other Class Members to remain off campus.

. . . .

55. MSU utilizes various documents, including, but not limited to, a payment obligation, class syllabuses, Bulletins (or similar document) and a Student Handbook,

-14-

which together constitute a written contract with the Plaintiffs and the Members of the Class.

56. MSU is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiffs and Members of the Class.

57. Under their written contracts with MSU, Plaintiffs and the Members of the Class paid MSU tuition, mandatory fees, and/or other charges for MSU to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to MSU's facilities and services.

58. Plaintiffs and the Cass [sic] Members have fulfilled all requirements, having paid MSU for all Spring 2020 term financial assessments for tuition, mandatory fees, and other fees.

59. However, MSU has breached such contracts, failed to provide those services and/or has not otherwise performed as required by the contract between Plaintiffs and the Class Members and MSU. MSU had moved all classes to online classes and had restricted or eliminated Plaintiffs 's and the Class Members' ability to access university facilities and services. In doing so, MSU has deprived Plaintiffs and the Class Members from the benefit of their written contract with MSU and breached the written contract.

Record at 748-51, 755-56.

In Action No. 21-CI-00381, Caleb Hurt, Ethan Wieland, and Greyson Love, individually and on behalf of all others similarly situated, (collectively referred to as Hurt) filed a complaint against Northern Kentucky University. Therein, Hurt asserted, in relevant part:

-15-

7.  The Plaintiffs were a [sic] full-time students enrolled in Northern Kentucky University for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees.

8.  NKU required that the Plaintiffs, and other Members of the punitive [sic] Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory fees prior to enrolling the 2020 Spring Semester.  See Exhibit 1 (Registration Agreement – Financial Obligation)[.]

9.  NKU requires documents acknowledging the written contract between NKU and the full-time students to be signed electronically, with NKU maintaining each electronic copy and not providing a copy to the students.

10.  The Plaintiffs, and other Members of the putative Class, were presented with syllabuses for classes which indicated the classes were to be taught in-person, in a specific classroom.  See Exhibit 2 (Course Syllabi Policy) and Exhibit 3 (Faculty Handbook)[.]

11.  NKU issues Syllabuses and a Student Catalog (See Exhibit 4) which outlines all the classes, attendance requirements, participation requirements, and location of classes, all of which is part of the contract between the Plaintiffs, putative Class Members, and NKU.

12.  The Syllabuses were a contract between NKU and the Plaintiffs, and Members of the putative Class.

. . . .

14.  In or around March 2020, NKU announced that because of the global COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester.  The campus was effectively shut down for student use and access.  There were some limited

-16-

exceptions for international students and certain hardship cases.

. . . .

23.  The Plaintiffs bring this action for breach of contract and any other available remedies, resulting from NKU's breach of the written contract with them and retaining tuition and mandatory fees paid by Plaintiffs and the other Class Members, while forcing the Plaintiffs and the other Class Members to remain off campus.

. . . .

57.  NKU utilizes various documents, including, but not limited to, a payment obligation, class syllabuses, Bulletins (or similar document) and a Student Handbook, which together constitute a written contract with the Plaintiffs and the Members of the Class.

58.  NKU is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiffs and Members of the Class.

59.  Under their written contracts with NKU, Plaintiffs and the Members of the Class paid NKU tuition, mandatory fees, and/or other charges for NKU to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to NKU's facilities and services.

60.  Plaintiffs and the Cass [sic] Members have fulfilled all requirements, having paid NKU for all Spring 2020 term financial assessments for tuition, mandatory fees, and other fees.

61.  However, NKU has breached such contracts, failed to provide those services and/or has not otherwise performed as required by the contract between Plaintiffs

-17-

and the Class Members and NKU. NKU had moved all classes to online classes and had restricted or eliminated Plaintiffs' and the Class Members' ability to access university facilities and services. In doing so, NKU has deprived Plaintiffs and the Class Members from the benefit of their written contract with NKU and breached the written contract.

62. Plaintiffs and the Class Members have been damaged as a direct and proximate result of NKU's breach.

Record at 790-92, 796-97.

In Action No. 21-CI-00370, Amanda Verhoeven, Anna Nelson, Emily Hanners, Mckenzie Garrett, and Zjonesia Bowling, individually and on behalf of all others similarly situated, (collectively referred to as Verhoeven) filed a complaint against Eastern Kentucky University. In the complaint, Verhoeven claimed, in relevant part:

7. The Plaintiffs were full-time students enrolled in the Eastern Kentucky University for the Spring 2020 semester and paid tuition, mandatory fees, and other required fees, such as laboratory fees and parking.

8. EKU required that the Plaintiffs, and other Members of the putative Class, sign or acknowledge a written contract requiring that they pay for tuition and mandatory fees prior to enrolling the 2020 Spring Semester.

9. EKU requires documents acknowledging the written contract between EKU and the full-time students to be signed electronically, with EKU maintaining each electronic copy and not providing a copy to the students.

-18-

10. The Plaintiffs, and other Members of the putative Class, were presented with syllabuses for classes which indicated the classes were to be taught in-person, in a specific classroom.

11. EKU issues a Student Bulletin which outlines all the classes, attendance requirements, participation requirements, and location of classes, all of which is part of the contract between the Plaintiffs, putative Class Members, and EKU.

12. The Syllabuses were a contract between EKU and the Plaintiffs, and Members of the putative Class.

13. In or around March 2020, EKU announced that because of the COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester. The campus was effectively shut down for student use and access. There were some limited exceptions for international students and certain hardship cases

. . . .

22. The Plaintiffs bring this action for breach of contract and any other available remedies, resulting from EKU's breach of the written contract with them and retaining tuition and mandatory fees and other fees paid by Plaintiffs and the other Class Members, while forcing the Plaintiffs and the other Class Members to remain off campus.

. . . .

53. EKU utilizes various documents, including, but not limited to, a payment obligation (Page 60 of the Student Handbook - Financial Obligations of the Student, is attached as Exhibit 1), class syllabuses, Bulletin/s (or similar document/s) (2019-20 Undergraduate Catalog is attached as Exhibit 2) and a Student Handbook (attached

-19-

as Exhibit 3), which together constitute a written contract with the Plaintiffs and the Members of the Class.

54.  EKU is in exclusive possession of all registration documents, payment obligations, and other contractual documents that were signed electronically by the Plaintiffs and Members of the Class.

55.  Under their written contracts with EKU, Plaintiffs and the Members of the Class paid EKU tuition, mandatory fees, and/or other charges for EKU to provide in-person instruction as stated in the Student Handbook, Student Bulletin, and syllabuses, and access to EKU's facilities and services.

56.  Plaintiffs and the Class Members have fulfilled all requirements, having paid EK for all Spring 2020 term financial assessments for tuition, mandatory fees, and other fees.

57.  However, EKU has breached such contract, failed to provide those services and/or has not otherwise performed as required by the contract between Plaintiffs and the Class Members and EKU.  EKU had moved all classes to online classes and had restricted or eliminated Plaintiffs' and the Class Members' ability to access university facilities and services.  In doing so, EKU has deprived Plaintiffs and the Class Members from the benefit of their written contract with EKU and breached the written contract.

58.  Plaintiffs and the Class Members have been damaged as a direct and proximate result of EKU's breach.

Record at 589-91, 596-97.

In Action No. 20-CI-00985, Kelsey Lyvers, on behalf of herself and all others similarly situated, (Lyvers) filed a complaint against the University of

Louisville, Scott W. Brinkman, Randall J. Bufford, Raymond Burse, John E. Chilton, Alfonso Cornish, Sandra Frazier, Diane Medley, Mary R. Nixon, Diane L. Porter, James M. Rogers, David Schultz, and John D. Smith, in their capacity as members of the Board of Trustees of the University of Louisville, (collectively referred to as University of Louisville). Therein, Lyvers alleged, in relevant part:

> 1. This class action is brought on behalf of Named Plaintiff Kelsey Lyvers and those similarly situated who paid tuition and fees for the Spring 2020 semester at the University of Louisville, and who had their educational experiences and class(es) moved to online learning.
>
> . . . .
>
> 3. Plaintiff and Defendants entered into a contract where Plaintiff would provide payment in the form of tuition and fees and Defendants would provide in-person educational services, experiences, opportunities, and other related services.
>
> 4. On or around March 11, 2020[,] the University of Louisville, where Plaintiff Lyvers was enrolled, cancelled all in-person education and began transitioning to complete online education for at least two weeks, following Spring Break recess. On March 11, 2020[,] Louisville cancelled in-person classes through the remainder of the Spring 2020 semester. Similarly, at around the same time, all Louisville events, clubs, organizations and similar experiences and opportunities were cancelled.
>
> 5. Beginning March 18, 2020, the University of Louisville, transitioned to remote online learning only, and cancelled all events, clubs, organizations and similar experiences and opportunities that the students paid fees for.

6. Based on these closures, Defendants have failed to uphold their end of the contract to provide in-person educational services and other related collegiate experiences and services.

. . . .

54. By accepting payment, Defendants entered into contractual arrangements with Plaintiff and Class Members to provide educational services, experiences, opportunities, and related services for the Spring Semester 2020.

55. When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provisions of educational services for the Spring 2020 Semester, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying tuition and fees for those selected courses. Defendant's Course Catalog constitutes an offer to enter a contractual agreement.

56. The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location in which the courses would be held.

. . . .

62. Defendants are in possession of all contracts, agreements, circulars, promotional materials, and the like between Plaintiff and members of the Class on one hand, and Defendants on the other.

. . . .

67. As a direct and proximate result of Defendants' breach of contract, Plaintiff and Class Members have been harmed by not receiving the educational

> experiences, opportunities, and services they paid for
> during the semesters affected by COVID-19.

Record at 503-04, 517-18.

In the above complaints, appellees generally asserted that they were students enrolled in and were charged for in-person classes during the 2020 spring semester at their respective university. Appellees claimed that certain documents provided by the University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern Kentucky University, and Eastern Kentucky University to the respective individual appellee constituted written contracts and that the University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern Kentucky University, and Eastern Kentucky University breached those written contracts by not providing in-person class instruction and by preventing or restricting access to campus facilities during the 2020 spring semester.[4] Appellees sought damages for paid tuition and fees for the 2020 spring semester, which were not refunded by the universities.

These actions were consolidated by the circuit court and were held in abeyance pending appellate resolution of a Franklin Circuit Court case (*Regard v. University of Kentucky*, Action No. 20-CI-00648), which involved application of

---

[4] As concerns Kentucky State University, appellees assert that the invoice for paid tuition constitutes a contract.

governmental immunity in a similar action. Eventually, the Kentucky Supreme Court rendered an Opinion in *University of Kentucky v. Regard*, 670 S.W.3d 903 (Ky. 2023), and the actions were removed from abeyance.

The Universities filed motions to dismiss and argued that the breach of contract claims were barred by governmental immunity. The Universities maintained that none of the appellees demonstrated the existence of an expressed written contract sufficient to waive their governmental immunity per Kentucky Revised Statutes (KRS) 45A.245.[5] In particular, the Universities asserted that no express written agreement obligated them to provide in-person class instruction for the 2020 spring term. The Universities also emphasized that it provided online class instruction to the appellees during this period as required by the COVID-19 emergency.

In a March 5, 2024, Order, the circuit court denied the motions to dismiss based upon governmental immunity. In a tersely written explanation, the court merely stated that "Defendants' collective *Motions to Dismiss* are hereby **DENIED** as having been determined by the Supreme Court's ruling in the *Regard case*." March 5, 2024, Order at 1. University of Louisville, Kentucky State University, Morehead State University, Western Kentucky University, Northern

---

[5] Kentucky Revised Statutes (KRS) 45A.245(1) waives immunity for written contract actions against the state and agencies, including public universities. *University of Louisville v. Rothstein*, 532 S.W.3d 644, 647-48 (Ky. 2017).

Kentucky University, and Eastern Kentucky University filed interlocutory appeals from the March 5, 2024, Order denying governmental immunity.

APPEALS

In these interlocutory appeals, the Universities argue that the circuit court erred by denying their respective motions to dismiss based upon governmental immunity. The Universities maintain that as state universities, they are entitled to the shield of governmental immunity. *Britt v. University of Louisville*, 628 S.W.3d 1, 5 (Ky. 2021); *Furtula v. University of Kentucky*, 438 S.W.3d 303, 305 (Ky. 2014). The Universities acknowledge that KRS 45A.245 is a limited waiver of their immunity but only where there is an express written contract, which does not exist in these appeals. The Universities also maintain that the circuit court erred in its reliance upon *Regard*, 670 S.W.3d 903. Kentucky State University and Morehead State University particularly argue that *Regard*, 670 S.W.3d 903 was a plurality opinion and not entitled to precedential effect. Therefore, we must undertake an analysis of *Regard*, 670 S.W.3d 903.

*REGARD* – PLURALITY OPINION

In *Regard,* 670 S.W.3d 903, students filed a complaint against the University of Kentucky claiming breach of contract and seeking reimbursement of tuition and fees for the Spring 2020 semester. The students alleged that they contracted with the University of Kentucky for in-person class instruction during

-25-

the Spring 2020 semester and that the University of Kentucky breached such contract when it converted in-person classes into online classes due to the outbreak of COVID-19. The students believed that various documents "'taken as a whole, constitute[d] the written contract for on-campus instruction and use of facilities and other benefits related to mandatory fees . . . .'" *Regard*, 670 S.W.3d at 909. The University of Kentucky filed a motion to dismiss arguing the defense of governmental immunity. In an order denying the motion to dismiss, the circuit court concluded that a written contract existed between the students and the University of Kentucky. Therefore, the court determined that the governmental immunity was waived per KRS 45A.245(1), and the Court of Appeals affirmed based upon the waiver of governmental immunity.

The Supreme Court determined that the Student Financial Obligation (SFO) and University Bulletin (Bulletin) were intended to be read together, and these two documents formed "one binding contract." *Regard*, 670 S.W.3d at 922. In reaching this decision, the Court utilized the doctrine of incorporation by reference:

> The University offered its students a contract. It required them to agree to a "contractual financial obligation to pay tuition and fees[,]" in writing, in the Student Financial Obligation. Contemporaneously, it delivered to the Students the University Bulletin that set forth, in writing, the material terms of the tuition and fees according to, *inter alia*, whether the students were registering for on-campus classes or on-line classes. In exchange for the

-26-

> payments of tuition and fees, the students had a
> legitimate expectation to receive what they paid for.
> These two documents were delivered together, share
> mutuality of subject matter, and the overwhelming
> implication and surrounding circumstances leave no
> doubt that they were meant to be read together, thereby
> forming one binding contract.

*Regard*, 670 S.W.3d at 922.

In *Regard*, 670 S.W.3d at 922, neither the SFO nor the University Bulletin explicitly incorporated the other by reference; rather, the Supreme Court determined that these documents were incorporated by reference because said documents "were delivered together, shared mutuality of subject matter," and based upon "the overwhelming implication and surrounding circumstances." *See id.*

As argued by Kentucky State University and Morehead State University, this Court recognizes that *Regard*, 670 S.W.3d 903 was a plurality opinion as a majority of the Supreme Court could not agree upon the legal reasoning to support its decision.[6] Justice Thompson, who concurred in result only, emphasized that in his view, the Opinion was only "ruling upon the specific facts before it and not providing a wholesale endorsement to contract formation

---

[6] Justice Conley authored the Opinion in which Justice VanMeter and Justice Lambert concurred. Justice Thompson concurred in result only by separate opinion. Justice Bisig dissented by separate opinion in which Justice Nickell and Justice Keller joined in result only. Justice Nickell dissented by separate opinion in which Justice Bisig and Justice Keller joined in result only.

(and, thus, waiver of sovereign immunity) based on documents implicitly or explicitly referred to in an online agreement." *Regard*, 670 S.W.3d at 923. Justice Thompson's sense of "fundamental fairness" was key to his concurrence in result only. *Id.*

Where there is not a majority of the court agreeing on the legal reasoning of an opinion, the Supreme Court has instructed that such opinion "has no *stare decisis* effect." *J.A.S. v. Bushelman*, 342 S.W.3d 850, 853 (Ky. 2011) (quoting *Ware v. Commonwealth*, 47 S.W.3d 333, 335 (Ky. 2001)); *see also Hudson v. Commonwealth*, 202 S.W.3d 17, 21-22 (Ky. 2006). As a result, *Regard*, 670 S.W.3d 903 can have no *stare decisis* effect; thus, we give it no precedential value herein. However, *Regard*, 670 S.W.3d 903 is, of course, binding upon the University of Kentucky.

As hereinbefore stated, the circuit court rendered an order denying the Universities' motions to dismiss solely based upon *Regard*, 670 S.W.3d 903 and with no accompanying reasoning. This constitutes error as *Regard*, 670 S.W.3d 903 cannot be relied upon as precedential authority.[7] We, thus, vacate the March 5, 2024, order denying the Universities' motions to dismiss and remand these

---

[7] Even if *University of Kentucky v. Regard*, 670 S.W.3d 903 (Ky. 2023) was not a plurality opinion, the circuit court's general dismissal of all appeals based upon *Regard* would still be in error. Under *Regard*, 670 S.W.3d 903, each action would have to be analyzed separately based upon the particular documents in the action that purportedly constituted an express written contract.

actions to the circuit court. Upon remand, the circuit court shall reconsider the Universities' motions to dismiss without relying upon *Regard*, 670 S.W.3d 903. Additionally, the appellees shall be given the opportunity to file responses and may offer arguments opposing the motions to dismiss. Appellees claim that they do not have access to some documents possessed by the Universities, and these documents are necessary to prove the existence of written agreements obligating the Universities to provide in-person instruction for the 2020 spring term and to prove the waiver of governmental immunity under KRS 45A.245. If so, the circuit court may permit limited discovery for the purpose of obtaining such documents.

## HOUSE BILL 6

The Universities also contend that they are entitled to immunity based upon a recently passed legislative enactment (House Bill 6), which purports to extended immunity to public post-secondary educational institutions for claims arising from their COVID-19 emergency responses. The circuit court was not presented this argument as House Bill 6 became effective after the court's March 5, 2024, Order.[8] As this Court is an intermediate appellate court, it is well-

---

[8] House Bill 6 primarily addressed the Executive Branch budget. Therein, under the budget allocation for the Council on Postsecondary Education, Section (13), immunity for tuition claims arising from the COVID-19 pandemic in 2020 was addressed. HB 6, Part I, J., 1.(13). *See also* Kentucky General Assembly, Acts of the 2024 Regular Session, Vol. II, Chapter 175, p. 1871-72. The extensive budget bill was passed on April 12, 2024, and became effective on July 15, 2024. *See* Opinion of the Attorney General of Kentucky OAG 24-04. This section of the bill has not been codified in Kentucky Revised Statutes. *See* KRS 7.131; *Holcim v. Swinford*, 581 S.W.3d 37, 42-44 (Ky. 2019).

established that we generally lack authority "to review issues not raised in or decided by the trial court below." *Harper v. Premier Ink Systems, Inc.*, 709 S.W.3d 273, 276 (Ky. App. 2025) (quoting *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009)). Accordingly, we decline to address this issue in this appeal. However, upon remand, the Universities may raise the issue before the circuit court for ruling.

For the foregoing reasons, we vacate and remand Appeal Nos. 2024-CA-0341-MR, 2024-CA-0342-MR, 2024-CA-0343-MR, 2024-CA-0344-MR, 2024-CA-0345-MR, 2024-CA-0346 and 2024-CA-0372-MR.

ALL CONCUR.

BRIEFS FOR APPELLANTS
UNIVERSITY OF LOUISVILLE;
WESTERN KENTUCKY
UNIVERSITY; NORTHERN
KENTUCKY UNIVERSITY; AND
EASTERN KENTUCKY
UNIVERSITY:

Donna K. Perry
Alina Klimkina
Jeremy S. Rogers
Elizabeth S. Fritz
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANTS UNIVERSITY OF
LOUISVILLE; WESTERN
KENTUCKY UNIVERSITY;
NORTHERN KENTUCKY
UNIVERSITY; AND EASTERN
KENTUCKY UNIVERSITY:

Jeremy S. Rogers
Louisville, Kentucky

BRIEFS FOR APPELLANT
KENTUCKY STATE UNIVERSITY:

Joshua M. Salsburey
Kevin G. Henry
James T. McSweeney
Lexington, Kentucky

William E. Johnson
W. Eric Branco
Frankfort, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES ALIA JOHNSON,
ANGELA OLSON, AND LORENE
HACK:

Andre F. Regard
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES TERRANCE
MOORE, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED:

Andre F. Regard
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES JOHN NEW;
JORDYN JACKSON; AND MARY
DAMERON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED:

Andre F. Regard
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES BRANDON
CONDIFF; DA'VIA DANIEL; EVAN
MARKHUM; AND JOANNA
LEWIS, ON BEHALF OF
THEMSELVES AND A PUTATIVE
CLASS:

Andre F. Regard
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANT KENTUCKY STATE
UNIVERSITY:

Joshua M. Salsburey
Lexington, Kentucky

BRIEFS FOR APPELLANT
MOREHEAD STATE UNIVERSITY:

Joshua M. Salsburey
Kevin G. Henry
James T. McSweeney
Lexington, Kentucky

Meredith Reeves
Morehead, Kentucky

ORAL ARGUMENT FOR
APPELLANT MOREHEAD STATE
UNIVERSITY:

Joshua M. Salsburey
Lexington, Kentucky

BRIEFS FOR APPELLANTS
SCOTT W. BRINKMAN, RANDALL
J. BUFFORD, RAYMOND BURSE,
JOHN E. CHILTON, ALFONSO
CORNISH, SANDRA FRAZIER,
DIANE MEDLEY, MARY R.
NIXON, DIANE L. PORTER,
JAMES M. ROGERS, DAVID
SCHULTZ AND JOHN D. SMITH:

Donna King Perry
Alina Klimkina
Jeremy S. Rogers
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES CALEB HURT;
ETHAN WIELAND; AND
GREYSON LOVE, ON BEHALF OF
THEMSELVES AND A PUTATIVE
CLASS:

Andre F. Regard
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE KELSEY LYVERS
ON BEHALF OF HERSELF AND A
PUTATIVE CLASS:

Andrew F. Regard
Lexington, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEES AMANDA
VERHOEVEN; ANNA NELSON;
EMILY HANNERS; MCKENZIE
GARRETT; AND ZJONESIA
BOWLING, ON BEHALF OF
THEMSELVES AND A PUTATIVE
CLASS:

Andre F. Regard
Lexington, Kentucky

ORAL ARGUMENT FOR
APPELLANTS SCOTT W.
BRINKMAN, RANDALL J.
BUFFORD, RAYMOND BURSE,
JOHN E. CHILTON, ALFONSO
CORNISH, SANDRA FRAZIER,
DIANE MEDLEY, MARY R.
NIXON, DIANE L. PORTER,
JAMES M. ROGERS, DAVID
SCHULTZ AND JOHN D. SMITH:

Jeremy S. Rogers
Louisville, Kentucky

BRIEFS FOR APPELLANT
EASTERN KENTUCKY
UNIVERSITY:

Donna K. Perry
Elizabeth S. Fritz
Alina Klimkina
Jeremy S. Rogers
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT EASTERN
KENTUCKY UNIVERSITY:

Jeremy S. Rogers
Louisville, Kentucky